**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00246-CNS-MDB

BROOKE JOHNSON a/k/a BROOKE TAYLOR, IRINA VORONINA, SARA UNDERWOOD, CIELO JEAN "CJ" GIBSON, JESSICA HINTON a/k/a JESSA HINTON, KIMBERLY COZZENS a/k/a KIM COZZENS, JOHN COULTER, LAURIE YOUNG a/k/a LAURIE ROMEO, MARKETA LIM a/k/a MARKETA KAZDOVA, MONICA LEIGH BURKHARDT, SARAH STAGE, TIFFANY GRAY a/k/a TIFFANY TOTH, RACHEL KOREN a/k/a RACHEL BERNSTEIN, MERCEDES TERRELL, ALANA MARIE SOUZA a/k/a ALANA CAMPOS, and LINA POSADA,

Plaintiffs,

v.

ALL FLASH & NO CASH, INC d/b/a COPPERHEAD ROAD BAR & NIGHTCLUB,

Defendant.

---

**PROTECTIVE ORDER**

---

Plaintiffs Brooke Johnson a/k/a Brooke Taylor, Irina Voronina, Sara Underwood, Cielo Jean "CJ" Gibson, Jessica Hinton a/k/a Jessa Hinton, Kimberly Cozzens a/k/a Kim Cozzens, John Coulter, Laurie Young a/k/a Laurie Romeo, Marketa Lim a/k/a Marketa Kazdova, Monica Leigh Burkhardt, Sarah Stage, Tiffany Gray a/k/a Tiffany Toth, Rachel Koren a/k/a Rachel Bernstein, Mercedes Terrell, Alana Marie Souza a/k/a Alana Campos, and Lina Posada (hereinafter collectively “Plaintiffs”), and Defendant All Flash & No Cash, Inc d/b/a Copperhead Road Bar & Nightclub (hereinafter “Copperhead” and/or “Defendant”), possess information relating to this matter that is confidential, and the Parties to this action recognize that, in the course of discovery in this lawsuit, it may be necessary to disclose such confidential matter to the other Party. However, each Party

desires to ensure that such confidential matter shall not be used for any purpose other than this action, and shall not be made public or otherwise disseminated, except to the extent necessary for the purposes of this action. Therefore, the Parties, by and through their respective counsel of record, have agreed to the text of a Protective Order to prevent unnecessary disclosure or dissemination of their confidential information.

THE COURT, having received and reviewed the Parties' Stipulated Motion for Entry of Protective Order, and the Court reviewing the file and being otherwise fully advised,

HEREBY FINDS AND ORDERS THE FOLLOWING:

Fed.R.Civ.Pro. 26(c) provides in part that upon motion by a party and for good cause shown, a court may make any order which justice requires to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." When determining whether good cause exists for issuance of a protective order in a particular case, the trial court must balance the competing interests that would be served by granting or denying discovery, including a party's need for the information against the injury that might result from unrestricted disclosure.

Here, good cause is shown that the discovery will involve the disclosure by the Parties of confidential information, including private financial and accounting information and records. "[P]rotective orders issued pursuant to Rule 26(c) are common in litigation to protect sensitive information exchanged during the course of discovery, particularly when the documents reflect confidential financial information." *Landco Equity Partners, LLC v. City of Colo. Springs*, 259 F.R.D. 510, 515 (D. Colo. 2009). This matter involves private litigants, and the private, confidential, commercial and financial documents of the

Parties that may be disclosed in discovery are normally kept confidential by the Parties. Any public interest in these discovery documents is outweighed by the privacy interests of the Parties. The interests of the Parties can be served by issuing a protective order to protect the confidentiality of the documents designated as such and the privacy rights of the Parties during discovery while at the same time allowing each Party access to the documents for use in this litigation. The Parties agree to be bound by this Protective Order.

**<u>Designation of Confidential Information</u>**

1) In connection with discovery proceedings in this action, the Parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order (hereinafter "Order").

i) "Confidential Information" means any document, thing, material, testimony, or other information derived therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph four (4) below as containing a Party's or a person's private, commercial, financial and/or tax information, business operations (including, but not limited to, pricing, vendor or customer related information), business processes, business intelligence, business and/or marketing strategies and/or research, technical or development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that Party's or person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a court.

2) In connection with discovery proceedings in this action, the Parties may designate any document, thing, material, testimony or other information derived therefrom, as "Attorneys' Eyes Only" under the terms of this Order.

i) "Attorneys' Eyes Only Information" means any Confidential Information designated by one of the Parties in the manner provided in paragraph five (5) below, and which the designating party believes in good faith is not generally known to others and which the designating party would not normally reveal to third parties except in confidence or believes in good faith is sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. This designation is reserved for information that the producing party maintains as confidential in the normal course of its operations.

3) By designating a document, thing, material, testimony or other information derived therefrom as Confidential under the terms of this Order, the Party making that designation is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

4) Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

i) By imprinting the designation "CONFIDENTIAL." Imprinting "CONFIDENTIAL" on the cover of any multipage documents shall designate all pages of the document as Confidential, unless otherwise indicated by the producing Party;

ii) By including the designation "CONFIDENTIAL" in the name of electronic files or documents for which it is impractical to mark the document, such as

spreadsheet files produced in native format, or by marking any electronic media on which such files are delivered "CONFIDENTIAL;"

iii) With respect to testimony taken at a deposition, by giving written notice to opposing counsel designating such portions as "CONFIDENTIAL" no later than ten (10) calendar days after receipt of the final transcribed testimony. The Parties may also elect to designate information as "Confidential" by indicating such on the record at the time of the deposition. In this case, arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5) Where Attorneys' Eyes Only Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

i) By imprinting the designation "ATTORNEYS' EYES ONLY." Imprinting "ATTORNEYS' EYES ONLY" on the cover of any multipage documents shall designate all pages of the document as Confidential and Eyes Only Information, unless otherwise indicated by the producing Party;

ii) By including the designation "ATTORNEYS' EYES ONLY" in the name of electronic files or documents for which it is impractical to mark the document, such as spreadsheet files produced in native format, or by marking any electronic media on which such files are delivered "ATTORNEYS' EYES ONLY";

iii) With respect to testimony taken at a deposition, by giving written notice to opposing counsel designating such portions as "ATTORNEYS' EYES ONLY" no later than ten (10) calendar days after receipt of the final transcribed testimony. The Parties may also elect to designate information as "ATTORNEYS' EYES ONLY" by indicating such on the record at the time of the deposition. In this case, arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as Confidential or Attorneys' Eyes Only Information, and to label such portions appropriately.

**Access to Confidential and Attorneys' Eyes Only Information**

6) All material designated as Confidential Information under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as CONFIDENTIAL produced pursuant to this Order may be disclosed or made available only to the "qualified persons" designated below:

i. a Party, or an officer, director, agent, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

ii. a Party's counsel, including necessary paralegal, secretarial and clerical personnel assisting such counsel;

iii. a stenographer and videographer recording testimony concerning the information;

iv. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

v. the Court and personnel assisting the Court; and

vi. any other person to whom the Parties, in writing, jointly agree disclosure should be allowed.

7) All material designated as Attorneys Eyes Only Information under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as ATTORNEYS' EYES ONLY and produced pursuant to this Order may be disclosed or made available only to the "qualified persons" designated below:

i. a Party's counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel;

ii. a stenographer and videographer recording testimony concerning the information;

iii. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

iv. the Court and personnel assisting the Court; and

v. any other person to whom the Parties, in writing, jointly agree disclosure should be allowed.

8) *Affidavit of Nondisclosure*. Prior to receiving any Confidential or Attorneys' Eyes Only Information, the "qualified persons" listed in 6(i), (iii), (iv), and (vi) and 7(ii), (iii), and (v) shall be provided with a copy of this Order and shall execute an affidavit of

nondisclosure in the form of Exhibit A, a copy of which shall be retained by counsel for the disclosing Party.

9) *Qualified Persons*. Only qualified persons may attend depositions at which Confidential or Attorneys' Eyes Only Information is used or disclosed.

10) *No Copies/Notes.* Except for internal use by counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential or Attorneys' Eyes Only Information material shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof. No notes regarding, summaries, or copies of Confidential or Attorneys' Eyes Only Information shall be made except by, at the request of, or on behalf of counsel in this litigation and such copies shall be made and used solely for the purposes of this litigation.

11) *Disputes over Access.* If a dispute arises as to whether a particular person should be granted access to Confidential or Attorneys' Eyes Only Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## Use of Confidential Information

12) *Use in Litigation Only.* All Confidential or Attorneys' Eyes Only Information shall be used only for the purposes of prosecution, defense, or settlement of this action. Each person to whom the disclosure of any Confidential or Attorneys' Eyes Only Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

13) *Motions or Filings Under Seal.* Each document filed with the Court that contains any Confidential or Attorneys' Eyes Only Information shall follow the Court's procedures for filing materials under seal. *See* D.C.Colo.L.CivR 7.2. Copies of such documents served on counsel for other parties shall be designated as Confidential or Attorneys' Eyes Only Information in the manner described in paragraphs 4-5 above.

14) *Reasonable Precautions.* Counsel for each Party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential or Attorneys' Eyes Only Information.

15) If timely corrected, an inadvertent failure to designate qualified information or items as Confidential or Attorneys' Eyes Only Information does not, standing alone, waive the designating Party's right to secure protection of such material under this Order. If the material was initially not designated as Confidential or Attorneys' Eyes Only Information by a Party when the material was initially produced, the receiving Party, on timely notification by the producing party, but in no event more than 30 days after the initial disclosure of the information, must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order. Disclosure of information or documents by the receiving Party prior to such later designation shall not be deemed a violation of the provisions of this Order.

16) *Trial.* This Order shall not apply to evidence presented at the trial of this matter.

## <u>Other Provisions</u>

17) *Not an Admission.* This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information

or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of either Party or the absence thereof.

18) By agreeing to the entry of this Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

19) Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5) and the Stipulated F.R.E. 502(d) Order entered by the Court on December 18, 2018.

20) *Objections.* This Order shall not prejudice the right of the Parties (i) to bring before the Court, at any time, the question of whether any particular document or information is Confidential or Attorneys' Eyes Only Information, or whether its use should be restricted or (ii) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Order, notwithstanding that any modification of this Order will not have the force and effect of a court order unless approved by the Court.

i) *Method*. A Party may object to the designation of particular Confidential or Attorneys' Eyes Only Information at any time by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. After the written notice is given

the Parties shall have five (5) business days to confer to try to resolve the disputed designation. Within five (5) business days from the end of the conferral period, it shall be the obligation of the Party designating the information as Confidential or Attorneys' Eyes Only Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Order. If such a motion is timely filed, the disputed information shall be treated as Confidential or Attorneys' Eyes Only Information under the terms of this Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential or Attorneys' Eyes Only Information and shall not thereafter be treated as Confidential or Attorneys' Eyes Only Information in accordance with this Order. In connection with a motion filed under this provision, the Party designating the information as Confidential or Attorneys' Eyes Only Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential or Attorneys' Eyes Only Information.

21) *Miscellaneous.* This Order shall apply to the production of all materials whether or not such materials are informally produced, produced in formal disclosures, or produced in response to a formal discovery request or pursuant to a Court order in this litigation.

22) This Order shall survive the final termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

23) *Return or Destruction after Final Termination of Action*. Within thirty (30) days of the final termination of this action, including any and all appeals, counsel for each Party must purge all Confidential or Attorneys' Eyes Only Information from all machine-readable media on which it resides and must either (a) return all Confidential or Attorneys' Eyes Only Information to the Party that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy same. With respect to paper copies, return or destruction of Confidential or Attorneys' Eyes Only Information is at the option of the producing Party. Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential or Attorneys' Eyes Only Information, and counsel will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation. Further, attorney work product materials that contain Confidential or Attorneys' Eyes Only Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation.

SO ORDERED this 29TH day of MAY, 2025 by:

MARITZA DOMINGUEZ BRASWELL
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00246-CNS-MDB

BROOKE JOHNSON a/k/a BROOKE TAYLOR, IRINA VORONINA, SARA UNDERWOOD, CIELO JEAN "CJ" GIBSON, JESSICA HINTON a/k/a JESSA HINTON, KIMBERLY COZZENS a/k/a KIM COZZENS, JOHN COULTER, LAURIE YOUNG a/k/a LAURIE ROMEO, MARKETA LIM a/k/a MARKETA KAZDOVA, MONICA LEIGH BURKHARDT, SARAH STAGE, TIFFANY GRAY a/k/a TIFFANY TOTH, RACHEL KOREN a/k/a RACHEL BERNSTEIN, MERCEDES TERRELL, ALANA MARIE SOUZA a/k/a ALANA CAMPOS, and LINA POSADA,

Plaintiffs,

v.

ALL FLASH & NO CASH, INC d/b/a COPPERHEAD ROAD BAR & NIGHTCLUB,

Defendant.

---

**AFFIDAVIT OF**

---

STATE OF COLORADO )
) ss.
COUNTY OF___________ )

_________________, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Johnson et al. v. All Flash & No Cash, Inc., No.,* 1:25-cv-00246-CNS-MDB, a copy of which is attached to this Affidavit.

2. I have been informed by ________________________, Esq., counsel for __________________________, that the materials described in the list attached to this Affidavit are Confidential and/or Attorneys' Eyes Only Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential or Attorneys' Eyes Only Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential or Attorneys' Eyes Only Information for any purpose other than this litigation.

4. I hereby agree to comply with and be bound by the terms and conditions of the Protective Order unless and until modified by further order of the Court.

5. At the conclusion of this case, I will destroy, or return to any attorney representing the Party that has employed or retained me, all documents covered by the Protective Order that come into my possession and all documents or things which I have prepared that contain reference to such Confidential or Attorneys' Eyes Only Information.

6. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

______________________________
(Signature)

______________________________
(Print or Type Name)

Address:
______________________________

______________________________

Telephone No.: (____)____________

SUBSCRIBED AND SWORN to before me this _______ day of ____________, 202__, by ______________________________.

WITNESS my hand and official seal.

______________________________
Notary Public

My Commission Expires:_________